UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MITCHELL J. STEIN,

    Plaintiff,

    v.

U.S. SECURITIES AND EXCHANGE
COMMISSION,

    Defendant.

Civil Action No. 15-1560 (JDB)

## MEMORANDUM OPINION

The Court already has entered summary judgment for the Securities and Exchange Commission ("SEC") on the bulk of the claims at issue in this Freedom of Information Act ("FOIA") case. Currently before the Court are [31] the SEC's renewed motion for summary judgment and [32] Stein's renewed cross-motion for summary judgment on a handful of remaining issues. The parties mainly dispute whether the SEC may continue to withhold requested records under FOIA Exemption 7(A), which exempts from disclosure documents that could reasonably be expected to interfere with civil or criminal law enforcement investigations. 5 U.S.C. § 552(b)(7)(A).[1] Stein also challenges the SEC's search of a discrete set of materials as inadequate under FOIA. For the reasons that follow, the SEC's renewed motion will be granted, and Stein's renewed motion will be denied.

---

[1] The parties have also disputed whether records subject to Exemption 7(A) are additionally exempt under FOIA Exemption 5, which protects intra-agency or inter-agency documents covered by ordinary civil discovery privileges. See 5 U.S.C. § 552(b)(5). The Court previously held that most of the documents subject to Exemption 7(A) are additionally exempt under Exemption 5. See Stein v. SEC, 266 F. Supp. 3d 326, 347–50 (D.D.C. 2017). But as to a handful of those documents—including inter alia certain purportedly privileged notes, research, and emails—the Court ordered supplemental declarations and briefing, finding that the SEC submitted insufficient information for the Court to decide whether Exemption 5 applies. See Aug. 8, 2017, Order [ECF No. 26] ¶ 2; Oct. 26, 2018, Order [ECF No. 38] at 3–7. Nevertheless, because the SEC may withhold the relevant documents under Exemption 7(A) at least until two ongoing proceedings have concluded, as further explained below, the Court will not address at this time whether the documents are also exempt under Exemption 5.

1

**BACKGROUND**

I.     **Facts and Procedural History**

The facts and procedural history relevant to this case are more fully set forth in the Court's decision denying Stein's earlier motion for summary judgment and granting in part and denying in part the SEC's earlier motion for summary judgment. See Stein, 266 F. Supp. 3d at 354. Briefly, in 2011 the United States indicted Stein for securities fraud, wire fraud, and other crimes related to his work at Heart Tronics, Inc., a medical device company. See Indictment, United States v. Stein, Crim. No. 9:11-80205 (S.D. Fla. Dec. 13, 2011), ECF No. 3. A week later, the SEC filed a civil enforcement action alleging securities violations stemming from much of the same conduct. See Complaint, SEC v. Heart Tronics, Inc., Civ. No. 8:11-1962 (C.D. Cal. Dec. 20, 2011), ECF No. 1. Following Stein's conviction in the criminal case, the district court in the civil case entered summary judgment against Stein on most claims, finding that Stein's criminal conviction collaterally estopped him from challenging his civil liability. See Jury Verdict, Stein, Crim. No. 9:11-80205, ECF No. 212; Minutes in Chambers at 2, 7, Heart Tronics, Civ. No. 8:11-1962, ECF No. 255; Judgment, Heart Tronics, Civ. No. 8:11-1962, ECF No. 277; Decl. of Kenneth Donnelly ¶¶ 15–16, Ex. 1 to SEC's Mot. for Summ. J. ("Donnelly Decl.") [ECF No. 10-2]. Stein appealed his criminal conviction to the Eleventh Circuit, see United States v. Stein, 846 F.3d 1135 (11th Cir. 2017), and appealed the civil judgment to the Ninth Circuit, see SEC v. Stein, 906 F.3d 823 (9th Cir. 2018).

In 2017, the Eleventh Circuit affirmed Stein's conviction but remanded to the district court for resentencing. See Stein, 846 F.3d at 1156. After being resentenced, Stein once again appealed his conviction and sentence to the Eleventh Circuit, where his case remains pending. See United States v. Stein, No. 18–13762 (11th Cir. docketed Sept. 5, 2018). Meanwhile, the Ninth Circuit

affirmed the district court's entry of judgment against Stein in the civil case. See Stein, 906 F.3d at 834. Nevertheless, that case also remains ongoing: Stein has petitioned the Ninth Circuit for panel rehearing and rehearing en banc and moved to stay consideration of his petition pending the conclusion of his Eleventh Circuit appeal of his conviction and sentence. See Pet. for Panel Reh'g and Reh'g En Banc, SEC v. Stein, No. 15–55506 (9th Cir. filed Nov. 26, 2018), ECF No. 72; Mot. for Misc. Relief, Stein, No. 15–55506 (9th Cir. filed Nov. 26, 2018), ECF No. 77. Both Stein's petition for rehearing and the motion to stay remain undecided.

## II. FOIA Proceedings

In 2015, while the criminal and civil proceedings remained ongoing, Stein submitted a FOIA request to the SEC seeking two categories of documents: all documents and information described in a privilege log prepared by the SEC in the Heart Tronics action, and all documents and information relating to the investigation of individuals whose identities Stein was accused of fabricating to further his alleged crimes. See Compl., Ex. B [ECF No. 1]. The SEC withheld most of the first requested category under FOIA Exemption 7(A), which permits agencies to withhold documents that may interfere with ongoing or prospective proceedings stemming from civil or criminal law enforcement actions. See Compl., Ex. D at 1 (citing 5 U.S.C. § 552(b)(7)(A)). With respect to Stein's second category of requests—documents related to the names of individuals he allegedly invented—the SEC stated that any responsive documents were either already made available to Stein or were listed on the Heart Tronics privilege log. Stein, 266 F. Supp. 3d at 334.

After the SEC denied his administrative appeal, Stein filed suit here and the parties each moved for summary judgment. Id. This Court concluded that the SEC had properly withheld most of the privilege log records under Exemption 7(A) because their release may interfere with the

Heart Tronics litigation. See id. at 343–47. "Because the work product, internal communications, and deliberative documents that Stein seeks essentially provide a road map for the SEC's case in the [ongoing] Heart Tronics litigation," the Court explained, "they are likely to give Stein insight into the way the investigation and the SEC's legal strategies developed that he . . . would not otherwise have, which could make re-litigating the Stein . . . case[]—or possibly even pursuing [it] on appeal—difficult." Id. at 347.

As for the second category of documents, the Court determined that the SEC met its FOIA obligations in all respects but one: the search of two one-terabyte hard drives and numerous boxes of hard-copy documents—dubbed the "RenewData materials"—for any responsive records. See id. at 338–43.

Based on the foregoing, the Court denied Stein's motion for summary judgment and granted in part and denied in part the SEC's motion for summary judgment. The Court then ordered the SEC to search the RenewData materials for documents responsive to Stein's second category of requests and, after producing relevant documents or justifying any withholding decisions, offered the parties the chance to file renewed motions for summary judgment. See Aug. 8, 2017, Order [ECF No. 26].[2] After the parties filed their renewed motions and before the Court rendered its decision, however, the Ninth Circuit affirmed the district court's entry of judgment in the Heart Tronics case, raising whether Exemption 7(A) continued to apply to the privilege log documents. The Court accordingly ordered the SEC and Stein to submit supplemental briefing to address, among other things, whether Exemption 7(A) continued to apply to the privilege log

---

[2] The Court separately ordered the SEC to confirm that it had produced to Stein certain segregable, unredacted portions of a subset of Heart Tronics privilege log documents that the agency partially withheld under FOIA Exemption 7(C), which permits withholding law enforcement records to protect personal privacy. See Stein, 266 F. Supp. 3d at 354–55; Aug. 8, 2017, Order ¶ 3 (ordering confirmation that the SEC produced to Stein all unredacted portions of Document Nos. 34, 36, 112, 124, 156, 175, 222, 243, and 244); 5 U.S.C. § 552(b)(7)(C). The Court finds, and Stein does not dispute, that the SEC subsequently fulfilled that obligation via declaration. See Decl. of Carin Cozza [ECF No. 27].

4

documents. Briefing is now complete and the parties' renewed motions for summary judgment are ripe for resolution.

## LEGAL STANDARD

District courts determine de novo whether an agency properly withheld requested documents under a statutory exemption to FOIA, and the agency "bears the burden of proving the applicability of claimed exemptions." Am. Civ. Liberties Union v. U.S. Dep't of Def., 628 F.3d 612, 619 (D.C. Cir. 2011); 5 U.S.C. § 552(a)(4)(B). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" Id. (quoting Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009)).

"FOIA cases typically and appropriately are decided on motions for summary judgment." Georgacarakos v. FBI, 908 F. Supp. 2d 176, 180 (D.D.C. 2012) (citation omitted). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court may grant summary judgment in favor of the agency only after the agency has established "that it has fully discharged its disclosure obligations under FOIA." Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1350 (D.C. Cir. 1983).

## DISCUSSION

Two primary disputes remain: (1) whether the SEC may withhold the first category of requested records—documents and information described in the Heart Tronics privilege log—under FOIA Exemption 7(A); and (2) whether the SEC has conducted an adequate search of the RenewData materials. The Court addresses each in turn.

### I. Continued Application of Exemption 7(A)

The SEC asserts that Exemption 7(A) applies because the civil and criminal cases against

Stein remain pending and disclosure will interfere with those proceedings. See SEC's Renewed Mot. for Summ. J. ("SEC's Mot.") [ECF No. 31] at 3–4 (citing pending Ninth Circuit and Eleventh Circuit proceedings); SEC's Suppl. Br. in Accordance with the Court's Order of Oct. 26, 2018 ("SEC's Suppl. Br.") [ECF No. 39] at 1–3. Stein does not dispute that those proceedings remain ongoing. See Pl.'s Resp. to Def.'s Suppl. Br. and Suppl. Decl. ("Stein's Suppl. Br.") [ECF No. 40] at 1 (noting that Stein filed a petition for panel rehearing or rehearing en banc in the Ninth Circuit and moved to stay consideration of that petition until his "related criminal appeal in the Eleventh Circuit" is complete). Rather, he contends that the SEC has failed to meet its burden to show with specificity how disclosure of the requested records will interfere with the pending cases. Mem. of P. & A. in Supp. of Pl.'s Opp'n to SEC's Mot. ("Pl.'s Opp'n") [ECF No. 33] at 5.

The Court finds that the privilege log documents may properly be withheld under Exemption 7(A). Because the potential for interference remains even when a case is on appeal, the SEC is permitted to withhold law enforcement records "until all reasonably foreseeable proceedings stemming from that investigation are closed." Kay v. FCC, 976 F. Supp. 23, 38 (D.D.C. 1997); see also, e.g., Kidder v. FBI, 517 F. Supp. 2d 17, 28–31 (D.D.C. 2007) (finding that release of FBI records could reasonably be expected to interfere with a criminal case on appeal). Here, it is undisputed that the SEC's civil enforcement action in Heart Tronics remains ongoing before the Ninth Circuit. See Stein's Suppl. Br. at 2. And although Stein contends that the SEC failed to show how disclosure will interfere with the civil proceeding, the Court determined the agency met that burden in its previous opinion. See Stein, 266 F. Supp. 3d at 343–47.

It is also undisputed that the criminal proceeding against Stein before the Eleventh Circuit remains ongoing. See Stein's Suppl. Br. at 2. The Court did not address whether the SEC may

assert Exemption 7(A) as to that criminal case in its previous opinion, but now finds that it may. As the SEC contends, Stein's criminal appeal broadly challenges his conviction and sentence. See SEC's Suppl. Br. at 2; Br. of Def.-Appellant, Stein, No. 18–13762 (11th Cir. filed Dec. 21, 2018) at 1. Because the SEC's civil case and the United States' criminal case are predicated on virtually identical alleged conduct—and indeed may have been developed through "parallel" investigations using documents "shared under mutual access agreements," SEC's Suppl. Br. at 2–3 & n.1—disclosure of the relevant privilege log documents reasonably could be expected to interfere with the criminal appeal for the same reasons the Court found their release would interfere with the civil proceeding—i.e., because disclosure of the attorney notes, memoranda, witness statements, internal communications, and other privilege log records that Stein seeks "essentially provide a road map" of the government's case, "which could make re-litigating the . . . case[]—or . . . [continuing to] pursu[e] [it] on appeal—difficult." Stein, 266 F. Supp. 3d at 347.

Moreover, the district court in Heart Tronics entered summary judgment for the SEC in part based on the collateral estoppel effect of his related criminal conviction. See Stein, 266 F. Supp. 3d at 334. Should Stein succeed in vacating and ultimately reversing his conviction, there is therefore a possibility that the civil judgment in Heart Tronics will be partially vacated, generating further litigation. Such a possibility satisfies the Court that "all reasonably foreseeable proceedings stemming from [the SEC's] investigation" have not concluded. Kay, 976 F. Supp. at 38. Accordingly, the Court finds that the SEC properly withheld the privilege log documents under FOIA Exemption 7(A).

## II. Adequacy of the Search for Documents Responsive to Stein's Second Category of Requests

The parties separately dispute whether the SEC conducted an adequate search of the RenewData materials for records responsive to Stein's second category of requests—documents

and information related to individuals whose identities Stein was accused of fabricating to further his alleged crimes. The SEC contends that it conducted an "exhaustive search of the RenewData materials," physically searching documents contained in 31 boxes, digitally searching scanned documents originally contained in 21 additional boxes (even though, the agency says, it previously produced those same documents to Stein), and forensically imaging and searching two one-terabyte hard drives. SEC's Mot. at 6–7; Decl. of Timothy Milloff ("Milloff Decl.") [ECF No. 29-1] ¶¶ 3–9; Decl. of Carin Cozza ("Cozza Decl.") [ECF No. 29-2] ¶¶ 3–6. The three searches yielded only two responsive documents, which the SEC has produced to Stein. Cozza Decl. ¶ 6.

Stein challenges the SEC's search on the grounds that the agency inaccurately asserted that it previously produced the 21 boxes of scanned documents to Stein, and that even though the SEC later digitally searched the same documents in response to the Court's order, "not all [scanned documents] would necessarily be searchable." See Mem. of P. & A. in Supp. of Pl.'s Mot. for Partial Summ. J. [ECF No. 32] at 3–4. Stein thus asks the Court to order the SEC to "properly search" the 21 boxes, although offering no specific additional steps the SEC should take. Id. at 4.

The Court finds that the SEC conducted an adequate search of the RenewData materials. To satisfy FOIA, an agency must make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990). Reasonableness may be demonstrated through supporting affidavits or declarations that are "'relatively detailed,' . . . nonconclusory and submitted in good faith." Morley v. CIA, 508 F.3d 1108, 1116 (D.C. Cir. 2007) (citation omitted).

Here, the SEC easily meets that burden. In two declarations, the SEC set forth the undisputedly relevant search terms and the detailed steps the agency took to search the RenewData

materials, including a physical search of 31 boxes of documents, a digital search of another 29,839 documents, and a forensic examination of the relevant hard drives. See Cozza Decl. ¶¶ 4–9; Milloff Decl. ¶¶ 3–9. The search was evidently comprehensive and resource-intensive, employing a Computer Forensic Examiner, the Senior Counsel in the Office of General Counsel at the SEC, a Paralegal Specialist, and a Management and Program Analyst who, among other things, "reviewed each page" of thousands of documents, and used specialized databases to conduct digital queries for the relevant keywords—i.e., the names of the individuals whose identities Stein allegedly invented. Cozza Decl. ¶ 4; Milloff Decl. ¶¶ 7–8.

Stein's summary attempt to undermine the adequacy of the agency's search is unpersuasive. Stein's complaint that the SEC did not actually produce the 21 boxes of scanned documents to him is irrelevant. It is undisputed that the SEC searched those same boxes in response to the Court's order and then produced to Stein the responsive records located therein. Cozza Decl. ¶ 6. And Stein does not succeed in casting an unsupported allegation of an irrelevant inaccuracy as evidence that the agency's declarations are misleading or otherwise insufficient. "The sufficiency of [agency] affidavits is not undermined by a mere allegation of agency misrepresentation or bad faith." Hayden v. NSA, 608 F.2d 1381, 1387 (D.C. Cir. 1979)).

Stein's second complaint—that scans are not always fully searchable—fares no better. His argument amounts to a general statement that in some cases or situations a scan might not pick up every responsive document. But Stein offers nothing specific, and here the agency's digital queries returned responsive records that it subsequently produced. Stein cannot undermine the agency's otherwise reasonable and presumptively good faith search with such "purely speculative claims about the existence and discoverability of other documents." SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted).

9

Hence, the Court is satisfied that the SEC met its burden to conduct a good faith "search reasonably calculated to uncover all relevant documents," Morley, 508 F.3d at 1114 (citation omitted), and finds that the SEC has fulfilled its FOIA obligations as to Stein's second category of requested records.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the SEC properly withheld documents responsive to Stein's first category of requests under FOIA Exemption 7(A) and conducted an adequate search for documents responsive to Stein's second category of requests. The Court therefore grants the SEC's renewed motion for summary judgment and denies Stein's renewed motion for summary judgment. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: February 19, 2019